IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CARL M. HILL,

    Plaintiff,

           v.

S. ALEXANDRA MANNING, *County Magistrate, Individual and Official Capacity; et al.*,

    Defendants.

Civil Action No.
1:21-cv-04549-SDG

## OPINION AND ORDER

This case is before the Court on a frivolity review under 28 U.S.C. § 1915(e)(2). For the following reasons, this action is **DISMISSED** as frivolous.

## I.    Background

Plaintiff Carl M. Hill, *pro se*, initiated suit on November 3, 2021, and sought to proceed *in forma pauperis* (IFP).[1] On November 5, the magistrate judge granted Hill's IFP application, but stayed service of process until this Court conducts a frivolity review.[2] Hill brings a Section 1983 claim against Defendants based on alleged violations of his First, Fourth, Ninth, and Fourteenth Amendment rights.[3] The Complaint alleges that Defendants are Fulton County, Georgia officials who

---

[1]    ECF 1.

[2]    ECF 2.

[3]    *See generally* ECF 3.

denied Hill's rights "while enacting their judicial functions."[4] Among other things, Hill complains about the manner in which his divorce proceedings were conducted and the entry of a Family Violence Protective Order for the benefit of Hill's estranged wife and the couple's two minor children.[5] Hill also raises concerns about the conduct of (1) the guardian ad litem (GAL) appointed for the minor children, (2) the magistrate judge assigned to the divorce proceeding, and (3) the judge who presided over the divorce trial.[6] Hill's applications for discretionary appeal of the orders entered in the protective order case were denied.[7] The trial in the divorce proceeding was held in August 2021.[8]

Hill names as Defendants Fulton County Magistrate Judge S. Alexandra Manning (who entered the protective order); Fulton County Magistrate Judge Scott M. Kaye (who presided over the divorce proceedings); Fulton County Superior Court Judge Craig Schwall (who presided over the divorce trial); and GAL Megan Miller in their official capacities, as well as naming GAL Miller and Judge Manning in their individual capacities for purposes of seeking punitive

---

[4]   *Id.* at 5.

[5]   *Id.* at 5–6.

[6]   *Id.* at 9–11, 14.

[7]   *Id.* at 33–34.

[8]   *Id.* ¶ 246.

damages against them.[9] Hill asks the Court to enter an injunction "negating all orders" entered against him in the divorce and protective order cases, removing Defendants from involvement in those cases, and directing that new hearings be held in both cases consistent with his constitutional rights. He also seeks $100,000 in compensatory damages, as well as attorneys' fees.[10]

## II. Legal Standard

An IFP complaint must be dismissed "if the court determines that . . . the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The purpose of § 1915(e)(2) is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), *superseded by statute on other grounds as recognized in Christiansen v. Clarke*, 147 F.3d 655, 658–59 (8th Cir. 1998). *See also Ahumed v. Fed. Nat'l Mortg. Ass'n*, No. 1:11-cv-2175-ODE-RGV, 2011 WL 13318915, at *2 (N.D. Ga. Dec. 13, 2011)

---

[9]   *Id.* at 2–4, 34.

[10]  *Id.* at 34.

("[T]he purpose of the frivolity review is to filter non-paying litigants' lawsuits through a screening process functionally similar to the one created by the financial disincentives that help deter the filing of frivolous lawsuits by paying litigants.") (citing *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991)).

In the context of a frivolity determination, the Court may "pierce the veil of the complaint's factual allegations" and is not bound to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992), *superseded by statute on other grounds as recognized in Walp v. Scott*, 115 F.3d 308, 309 (5th Cir. 1997), (quoting *Neitzke*, 490 U.S. at 327). A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. That is, a complaint is frivolous when "the legal theories are indisputably meritless," *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (cleaned up), or it seeks to enforce a right that clearly does not exist, *Neitzke*, 490 U.S. at 327. While the Court must construe Hill's pleading leniently and hold it "to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and punctuation omitted), the Court cannot "rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

### III.  Discussion

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Section 1983 provides a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 140, 144 n.3 (1979). Hill characterizes his grievances as violations of his federal constitutional rights. He asserts that, in connection with the state-court divorce and protective order proceedings, his right to freedom of speech under the First Amendment was infringed; he was subjected to an unjust seizure under the Fourth Amendment; his right to privacy under the Ninth Amendment was violated; and his Fourteenth Amendment rights to due process and equal protection were trampled.[11]

---

[11]  ECF 3, at 4–5.

### A. The Court Lacks Subject Matter Jurisdiction over Hill's Claims for Injunctive Relief.

Hill bears the burden of establishing that the Court has subject matter jurisdiction. *Fox v. Fla. Dep't of Children & Families*, 828 F. App'x 639, 640 (11th Cir. 2020) (per curiam) (citing *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016)). "As a general rule, the federal courts refuse to hear suits for 'divorce and alimony, child custody actions, disputes over visitation rights, suits to establish paternity and to obtain child support, and actions to enforce separation or divorce decrees still subject to state court modification.'" *Kirby v. Mellenger*, 830 F.2d 176, 177–78 (11th Cir. 1987) (per curiam) (quoting *Crouch v. Crouch,* 566 F.2d 486, 487 (5th Cir. 1978)) (additional citations omitted).

Further, district courts lack jurisdiction over final state-court judgments under the *Rooker-Feldman* doctrine. *Fox*, 828 F. App'x at 640. The doctrine applies to

> "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." The doctrine applies not only to federal claims actually raised in the state court, but also to claims that were not raised in the state court but are inextricably intertwined with the state court's judgment. A claim is inextricably intertwined if it would effectively nullify the state-court judgment or if it succeeds only to the extent the state court wrongly decided the issues.

*Id.* (quoting *Nicholson v. Shafe*, 558 F.3d 1266, 1274 (11th Cir. 2009); citing *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009)). *Rooker-Feldman* has been applied to, among other types of cases, those concerning child-custody proceedings. *Fox*, 828 F. App'x at 640 (citations omitted).

Hill wants this Court to undo the orders and judgments that have already been entered in the protective order and divorce cases. Exercising jurisdiction over this kind of collateral attack on state-court proceedings would require the Court to improperly interfere with final judgments entered by Georgia's courts—exactly what the *Rooker-Feldman* doctrine is designed to protect against. Further, federal courts should assume that state-court procedures provide parties an adequate opportunity to raise constitutional issues unless there is clear authority stating otherwise. *Chen ex rel. V.D. and D.D. v. Lester*, 364 F. App'x 531, 535 (11th Cir. 2010) (per curiam) (citing *31 Foster Children v. Bush,* 329 F.3d 1255, 1279 (11th Cir. 2003)). Here, Hill's state-court counsel did raise (or had the opportunity to raise) many of the same arguments Hill now makes.[12] And Hill has pointed to nothing suggesting

---

12   *See, e.g.*, ECF 3, ¶¶ 19, 28–29, 65, 83–90, 245 (indicating counsel raised due process arguments). The Complaint does not clearly identify how Hill's free speech or privacy rights were violated or what property of his was seized.

that the state courts' procedures did not allow him the opportunity to make these arguments in the divorce and protective order cases.

Under *Rooker-Feldman*, the Court may not exercise jurisdiction over Hill's claims for injunctive relief. They are therefore frivolous and must be dismissed. *Fox*, 828 F. App'x at 641; *Whitlow v. Gordo*, Case No. 3:18-cv-1730-MCR-GRJ, 2018 WL 4659257, at *3 (N.D. Fla. Aug. 24, 2018).[13]

### B. Hill's Claims for Damages Fail.

In addition to seeking injunctive relief, Hill asks for compensatory damages (presumably against all Defendants) and punitive damages against GAL Miller and Judge Manning in their individual capacities.[14]

#### 1. Judicial Immunity Bars Hill's Claims for Damages Against Judges Manning, Kaye, and Schwall.

Official capacity claims against Judges Manning, Kaye, and Schwall are barred by judicial immunity. Such immunity protects judges from being sued and

---

[13] Moreover, injunctive relief against a judicial officer for actions taken in his judicial capacity is not available in Section 1983 actions unless "a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Hill does not allege either of these factors in his pleading. As discussed *infra*, all of the judicial conduct about which Hill complains was taken in those officers' judicial capacities.

[14] The Complaint does not make clear which Defendants are the subject of his compensatory damages claims, or whether the claims are brought individually or jointly and severally. ECF 3, at 34.

held civilly liable for damages based on carrying out their judicial duties. *Mireles v. Waco*, 502 U.S. 9, 11 (1991), *superseded on other grounds by statute as recognized in Peters v. Noonan*, 871 F. Supp. 2d 218, 226 (W.D.N.Y. 2012). "[T]he immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 11–12 (citations omitted).

Hill's allegations make clear that all of the judges' conduct occurred while they were functioning in their judicial capacities: "Manning, Kaye, and Schwall are Fulton Co., Georgia officials who denied my constitutional rights while enacting their judicial functions."[15] Specifically, Hill complains about Judge Manning's entry of a family-violence temporary protective order (TPO) on an ex parte basis, including extension of the order's protections to the two minor children, as well as the award of child support to Hill's estranged wife.[16] He further asserts that Judge Manning granted Ms. Hill a three-year order of protection without providing Hill an opportunity to be heard.[17] The allegations

---

15  *Id.* at 5.

16  *Id.* at 6–8.

17  *Id.* at 19.

against Judge Kaye relate to his conduct of various hearings in the divorce proceeding, including the judge's questioning of Hill during a hearing and denial of Hill's requests for alimony and legal fees.[18] Hill alleges that Judge Schwall conducted the divorce trial despite the fact that the trial date had been improperly set and that the judge improperly permitted GAL Miller to present an oral rather than written report.[19]

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotation marks omitted) (citations omitted). "A judge is entitled to immunity even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *William B. Cashion Nevada Spendthrift Trust v. Vance*, 552 F. App'x 884, 886 (11th Cir. 2014) (internal quotation marks omitted) (citations omitted). Accordingly, Hill can only pursue monetary claims against Judges Manning, Kaye, or Schwall if their actions were taken ***in the absence of*** jurisdiction. The Complaint contains no such allegations as to Judge Kaye or Judge Schwall.

---

[18]   *Id.* at 14–16.

[19]   *Id.* at 33.

Hill does, however, contend that Judge Manning acted in the absence of jurisdiction in various ways, which is addressed below.

### *i.* **Allegations About Judge Manning**

Hill asserts that Judge Manning held a hearing related to the TPO beyond the time provided for by statute; entered a final order related to the TPO after her jurisdiction had ended; improperly held a hearing when there were no pending motions (other than an "empty" motion filed by Ms. Hill's counsel) and without providing notice to Hill of what the hearing would be about; modified a final order after expiration of the term of court; and set a date for trial of the divorce case despite lacking jurisdiction.[20]

Such allegations, however, do not reflect a clear absence of all jurisdiction. "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Chen*, 364 F. App'x at 533. Judge Manning's actions were clearly taken in a judicial capacity.

---

20   *Id.* at 8 (citing O.C.G.A. § 19-13-3(c)), 13, 18–21, 31.

"A judge acts in the 'clear absence of all jurisdiction' when the matter on which he acts is clearly outside the subject-matter jurisdiction of the court over which he presides." *Whitlow*, 2018 WL 4659257, at *3 (citing *Dykes v. Hosemann*, 776 F.2d 942, 947-48 (11th Cir. 1985) (en banc)). Hill does not contend that Judge Manning lacked jurisdiction to preside over the TPO proceeding. At best, his allegations suggest only that (in his view) Judge Manning exceeded the authority she had to conduct such proceedings in the first place. Judicial immunity, however, shields Judge Manning from this type of "the-judge-got-it-wrong" arguments. *William B. Cashion Nevada Spendthrift Trust*, 552 F. App'x at 886; *Bolin*, 225 F.3d at 1239. And, without a viable underlying claim, Hill's claim for punitive damages against Judge Manning also fails.

### 2. Claims Against GAL Miller Are Barred.

Hill sued GAL Megan Miller in her official and individual capacities. He alleges that Judge Manning improperly permitted GAL Miller to present arguments and examine witnesses during the TPO hearing even though she was not counsel to either party and there were no allegations of domestic violence

toward the children.[21] He further asserts that GAL Miller made false statements during the hearing on which Judge Manning ultimately relied.[22] According to Hill, GAL Miller did not fully interview his character witnesses before providing her testimony.[23] It is clear that these allegations concern Miller's function as the GAL in the state-court cases.

"[T]he Eleventh Circuit has consistently held that judicial immunity extends not only to judges, but to other persons whose official duties have an integral relationship with the judicial process." *Harpo v. Davis*, No. 1:12-cv-865-WSD, 2012 WL 1038733, at *2 (N.D. Ga. Mar. 27, 2012) (internal quotation marks omitted) (citations omitted). *See also Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994) ("Nonjudicial officials" "acting within the scope of their authority" "are encompassed by a judge's absolute immunity when their official duties 'have an integral relationship with the judicial process.'") (quoting *Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980); citing *Prop. Mgmt. & Invest., Inc. v. Lewis*, 752 F.2d 599, 603 (11th Cir. 1985)). Guardians ad litem in particular are entitled to absolute

---

[21] *Id.* ¶¶ 38, 49. It is unclear whether Hill intends these allegations to relate to Judge Manning, GAL Miller, or both. Treating the pleading leniently, the Court has considered these factual allegations with regard to both.

[22] *Id.* ¶¶ 39–43, 50–51.

[23] *Id.* ¶¶ 44–48.

immunity from suits in their individual capacities. *Dolin ex rel. N.D. v. West*, 22 F. Supp. 2d 1343, 1349–50 (M.D. Fla. 1998).

Plainly, Miller's role as the GAL had an integral relationship to the judicial process—as Hill alleges, Miller was appointed as the GAL to represent his minor children's interests during the TPO proceeding and divorce case.[24] GAL Miller is therefore entitled to immunity regardless of the capacity in which she was sued.

## IV. Conclusion

*Pro se* plaintiffs should generally be permitted to replead when they may be able to correct the deficiencies in their pleadings. *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018). Here, however, Hill's Complaint is an improper collateral attack on state-court proceedings related to his divorce and entry of the Family Violence Protective Order. Under the *Rooker-Feldman* doctrine, this Court lacks jurisdiction to hear Hill's claims for injunctive relief related to those proceedings. Further, his claims for monetary damages are barred by immunity. Because there is no scenario under which Hill can reallege his claims to avoid these obstacles, providing him leave to amend his pleading would be futile. Accordingly, Hill's Complaint is

---

[24] *See, e.g., id.* ¶¶ 38–52.

**DISMISSED as frivolous** under 28 U.S.C. 1915(e)(2)(B). The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 20th day of September, 2022.

_____
Steven D. Grimberg
United States District Court Judge