**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| CARL M. HILL,<br>    Plaintiff,<br><br>            v.<br><br>S. ALEXANDRA MANNING, *County Magistrate, Individual and Official Capacity; et al.*,<br>    Defendants. | Civil Action No.<br>1:21-cv-04549-SDG |

**OPINION AND ORDER**

This case is before the Court on a motion requesting relief under Federal Rule of Civil Procedure 60(b) [ECF 6]. For the following reasons, the motion is **DENIED**.

**I.    Background**

Plaintiff Carl M. Hill, *pro se*, initiated suit on November 3, 2021, and sought to proceed in forma pauperis (IFP).[1] On November 5, the magistrate judge granted Hill's IFP application, but stayed service of process until this Court conducted a frivolity review.[2] The Complaint alleged that Defendants were Fulton County, Georgia officials who denied Hill's rights "while enacting their judicial functions."[3] Among other things, Hill complained about the manner in which his

---

[1]    ECF 1.

[2]    ECF 2.

[3]    *Id.* at 5.

1

divorce proceedings were conducted and the entry of a Family Violence Protective Order for the benefit of Hill's former wife and the couple's two minor children.[4] Hill also raised concerns about the conduct of (1) the guardian ad litem (GAL) appointed for the minor children, (2) the magistrate judge assigned to the divorce proceeding, and (3) the judge who presided over the divorce trial.[5] Hill's applications for discretionary appeal of the orders entered in the protective order case were denied.[6] The trial in the divorce proceeding was held in August 2021.[7]

In this case, Hill brought causes of action under § 1983 based on the alleged violations of his First, Fourth, Ninth, and Fourteenth Amendment rights.[8] He named as Defendants Fulton County Magistrate Judge S. Alexandra Manning (who entered the protective order); Fulton County Judicial Officer Scott M. Kaye (who presided over the divorce proceedings); Fulton County Superior Court Judge Craig Schwall (who presided over the divorce trial); and GAL Megan Miller in their official capacities, as well as naming GAL Miller and Judge Manning in their individual capacities for purposes of seeking punitive damages against them.[9] Hill

---

[4] *Id.* at 5–6.

[5] *Id.* at 9–11, 14.

[6] *Id.* at 33–34.

[7] *Id.* ¶ 246.

[8] *See generally* ECF 3.

[9] *Id.* at 2–4, 34.

asked the Court to enter an injunction "negating all orders" entered against him in the divorce and protective order cases, removing Defendants from involvement in those cases, and directing that new hearings be held consistent with his constitutional rights. He also sought compensatory damages and attorneys' fees.[10]

On September 20, 2022, the Court dismissed Hill's claims as frivolous under 28 U.S.C. § 1915(e)(2), relying on the *Rooker-Feldman* doctrine and the absolute judicial immunity of the named Defendants (the September 20 Order).[11] The Court did not give Hill leave to amend, deeming such leave futile. Hill did not file a notice of appeal. On September 20, 2023, Hill moved for relief under Fed. R. Civ. P. 60(b)(1) from this Court's dismissal order.[12] Hill asks to resume his case in full and that the Court allow him to amend the Complaint.

II. **Discussion**

   A. **Excusable neglect in failing to appeal is not a basis for relief from the Court's Order.**

Hill seems to argue that his failure to file a notice of appeal was excusable, explaining that he both regularly checked his mailbox and suffers from depression, inhibiting his responsiveness. However, a notice of appeal is a jurisdictional requirement. *Holston v. Mora*, No. 22-12808, 2024 WL 3100779, at *1

---

[10]  *Id.* at 34.

[11]  ECF 4.

[12]  *See generally* ECF 6.

(11th Cir. June 17, 2024) (per curiam). The notice must be filed within 30 days after entry of judgment, Fed. R. App. P. 4(a)(1)(A), unless the party did not receive notice of the judgment within 21 days after its entry; moves to reopen the time to file the notice within the *earlier* of 180 days after entry of the judgment or 14 days after receiving notice of the entry; *and* no party would be prejudiced, *id.* R. 4(a)(6). *Holston*, 2024 WL 3100779, at *2. Although Hill says he received notice of the judgment more than 30 days after it was entered, he has not stated *when* he received it. And his motion is well beyond the 180 days in any event.

To the extent that Hill is asking the Court to reopen the time for him to appeal, it cannot. But, to the extent Hill seeks relief from the Court's September 20 Order, his motion was filed within the one-year limit imposed by Rule 60(c)(1).

### B.     Hill has not identified any basis for relief under Rule 60(b)(1).

Hill argues this Court made "numerous substantive errors of fact and law" in dismissing his claims. Under Rule 60(b)(1), a "mistake" can be a basis to provide a party relief from an order, and includes errors of law. *Kemp v. United States*, 596 U.S. 528, 530 (2022); *see also id.* at 533–34 ("As a matter of text, structure, and history, the Government is correct that a 'mistake' under Rule 60(b)(1) includes a judge's errors of law."). However, Hill has not identified any mistake. He advances five arguments articulating supposed errors: (1) his claims are not frivolous because they have an arguable basis in both fact and law; (2) as a *pro se*

litigant, he was entitled to amend his Complaint before dismissal; (3) *Rooker-Feldman* does not bar his claims because (i) Defendants were not parties to the underlying state proceedings and (ii) *Rooker-Feldman* cannot bar a § 1983 claim; (4) absolute judicial immunity does not bar his claims because Defendants were acting in the absence of all jurisdiction; and (5) misjoining a party and failing to join an indispensable party are not grounds for dismissal.

All five of Hill's arguments fail.

### 1. Hill's claims lacked an arguable basis in law.

Hill asserts that his claims are not frivolous because they have an arguable basis in both law and fact. Indeed, only where a claim "lacks an arguable basis either in law or in fact" should it be dismissed as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded by statute on other grounds as recognized in Christiansen v. Clarke*, 147 F.3d 655, 658–59 (8th Cir. 1998). But the dismissal order assumed Hill's facts were true for purposes of the frivolity determination. The Complaint was not dismissed because it strained credulity, but because, even assuming its truth, the facts alleged did not state a feasible legal claim. Stated directly, Hill's claims were deemed frivolous for lacking an arguable basis in law: The Court lacks subject-matter jurisdiction over them under *Rooker-Feldman* and Defendants are shielded by judicial immunity.

### 2. Hill was not entitled leave to amend.

Hill argues that, as a *pro se* litigant, he was entitled leave to amend his Complaint before the Court dismissed it. To support his position, he articulates a Ninth Circuit standard: "A *pro se* litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds by statute as stated in Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (quoting *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam)). Ninth Circuit holdings, however, are not binding on this Court.

While a *pro se* plaintiff should be given the opportunity to replead *if* he may be able to correct the deficiencies in his complaint, *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018), leave to amend "is futile when the complaint as amended would still be properly dismissed," *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam). This standard is applied even to *pro se* litigants: Leave to amend may be denied if the amendment would still fail to state a claim. *Franklin v. Arbor Station, LLC*, 549 F. App'x 831, 834 (11th Cir. 2013) (per curiam) (citing *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1255 (11th Cir. 2008)) (holding *pro* se appellant was not entitled leave to amend given that, even if amended, her claims would still be barred by *Rooker-Feldman* and absolute judicial immunity).

Hill's situation strongly resembles the appellant's in *Franklin*; given the facts Hill alleged, he cannot state a claim against Defendants, even through amendment. Like the appellant's claims in *Franklin*, Hill's claims are barred by *Rooker-Feldman* and absolute judicial immunity. Consequently, any attempt to amend by Hill would be futile. Hill's Complaint was properly dismissed.

### 3. *Rooker-Feldman* bars Hill's claims.

One of the reasons the Court dismissed Hill's claims is because they are barred by *Rooker-Feldman*. Hill challenges that order on two grounds. First, he says *Rooker-Feldman* is inapplicable when the doctrine is invoked against a litigant who was not a party to the underlying state-court proceeding; since Defendants were not parties to Hill's original state-court proceedings the doctrine doesn't apply. Second, Hill argues *Rooker-Feldman* does not bar § 1983 claims. Hill's arguments are incorrect; *Rooker-Feldman* applies.

### i. That Defendants were not parties to the underlying state-court proceeding is irrelevant—*Rooker-Feldman* is invoked against Hill, not Defendants.

Although *Rooker-Feldman* may not bar a litigant's claim when he was not a party to the underlying state-court action, Hill *was* a party to his state-court cases. Whether Defendants were parties is irrelevant. The Court invoked *Rooker-Feldman* against Hill, not Defendants. *Franklin*, 549 F. App'x at 833–34 (upholding application of *Rooker-Feldman* to bar the plaintiff's claims based on state-court

rulings against her); *see also Efron v. Candelario*, 110 F.4th 1229, 1235–36 (11th Cir. 2024) ("If the source of the plaintiff's injury is the state-court judgment itself, then *Rooker-Feldman* applies."); *Newman v. Indiana*, 129 F.3d 937, 942 (7th Cir. 1997) (noting that "most of the 54 defendants in the present suit [not having been] parties to the previous suits is irrelevant," and holding that, for plaintiffs seeking review and reversal of a state court decision, "the *Rooker–Feldman* doctrine . . . cannot be gotten around by changing the *dramatis personae*"); *Lacayo v. Wells Fargo Bank*, N.A., No. 16-23187-CIV, 2019 WL 8756577, at *5 (S.D. Fla. Sept. 23, 2019) ("Put another way, it is sufficient that Plaintiffs were parties to the underlying . . . action even if these Defendants were not.").

> **ii.    Hill's § 1983 claims are barred by *Rooker-Feldman* because he seeks to overturn final state-court decisions against him.**

Citing *Mitchum v. Foster,* 407 U.S. 225, 242 (1972), Hill argues that § 1983 claims cannot be barred by *Rooker-Feldman*, pointing to one of the purposes of § 1983: "[F]ederal injunctive relief against a state court proceeding can in some circumstances be essential to prevent great, immediate, and irreparable loss of a person's constitutional rights."[13] However, *Mitchum* addresses only *pending* state-court proceedings, not final rendered judgments. 407 U.S. at 226 (emphasis added)

---

[13]   ECF 6, at 7 (quoting *Mitchum*, 407 U.S. at 242).

("The question before us is whether . . . a federal court . . . [may, in a § 1983 action] grant an injunction to stay a proceeding *pending* in a state court.").

Although *Rooker-Feldman* bars claims only on relatively "narrow" grounds, those grounds are: "The losing party in state court filed suit in a U.S. District Court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking federal-court review and rejection of that judgment." *Skinner v. Switzer*, 562 U.S. 521, 531–32 (2011). In cases where each element of those grounds is met, *Rooker-Feldman* bars § 1983 claims. *Mickens v. 10th Jud. Cir. Ct.*, 458 F. App'x 839, 841 (11th Cir. 2012). Ultimately, "under the Rooker–Feldman doctrine, the district courts lack subject-matter jurisdiction to review state court final judgments because 'that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court.'" *Franklin*, 549 F. App'x at 832 (quoting *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009)).

This Court lacked—and still lacks—jurisdiction to review Hill's claims because doing so would violate *Rooker-Feldman*, every element of which applies here. Hill is not requesting an injunction against a pending state-court proceeding (for which there is some precedent in the use of § 1983), but instead he asked that final state-court judgments be enjoined and overturned. The proper method for judicial review of Hill's case was a state-court appeal, not filing a complaint in federal court.

### 4. Defendants are protected by absolute judicial immunity because they did not act in the absence of all jurisdiction.

Hill argues that Defendants are not protected by absolute judicial immunity because they acted in the absence of all jurisdiction. To support his argument, Hill cites his allegation that Judge Manning issued a TPO after the statutory thirty-day deadline imposed by O.C.G.A. § 19-13-3(c). Hill asserts that, because she acted outside of this statutory time limit, Judge Manning acted in the absence of all jurisdiction, denying her the usual entitlement to absolute immunity.

However, showing the absence of all jurisdiction is an especially high bar, and subject-matter jurisdiction is broadly construed where the issue is a judge's immunity. *Dykes v. Hosemann (Dykes II)*, 776 F.2d 942, 947 (11th Cir. 1985) (en banc) (per curiam) (discussing *Stump v. Sparkman*, 435 U.S. 349 (1978), and indicating that a judge must clearly act without all subject matter jurisdiction to lose immunity). A "judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Dykes II,* 776 F.2d at 948 n.17 (quoting *Stump*, 435 U.S. at 359).

To be precise, "[t]he term 'jurisdiction,' *as it applies to judicial immunity*, means the 'judicial power to hear and determine a matter, not the manner, method, or correctness of the exercise of that power.'" *Bradley v. Grinsted*, No. 3:17CV145/LC/CJK, 2017 WL 2296894, at *2 (N.D. Fla. Apr. 24, 2017), *report and recommendation adopted*, No. 3:17CV145/LC/CJK, 2017 WL 2294092 (N.D. Fla. May

10

25, 2017) (emphasis added) (quoting 48A C.J.S. Judges § 86) (holding a judge-defendant's failure to timely issue her ruling did not revoke her absolute judicial immunity). Further, though acting in absence of all jurisdiction is necessary to waive immunity, it is not sufficient: "Judges do not lose their judicial immunity even if they act in absence of jurisdiction as long as they do not have knowledge that they lack jurisdiction or act 'in the face of clearly valid statutes or case law expressly depriving [them] of jurisdiction.'" *Franklin*, 549 F. App'x at 834 (quoting *Dykes v. Hosemann (Dykes I)*, 743 F.2d 1488, 1497 (11th Cir. 1984)). Mere judicial delay, as alleged here, does not reach the high bar of acting in the absence of all jurisdiction; at most, judicial delay is an act in excess of jurisdiction. *Bradley*, 2017 WL 2296894, at *2.

As an additional note, during the time pertinent to Hill's case, statutory court deadlines in Georgia were suspended and tolled by statewide judicial emergency orders due to the COVID-19 pandemic, pursuant to O.C.G.A. § 38-3-62. *See, e.g.*, Order Declaring Statewide Judicial Emergency (Mar. 14, 2020) and Fifteenth Order Extending Declaration of Statewide Judicial Emergency (June 7, 2021), available at https://www.gasupreme.us/court-information/court_corona_info/ [https://perma.cc/UMB3-ZBYN]. As a result, the order entered by Judge Manning was likely timely (or, at least not untimely), further undermining Hill's basis for claiming her actions were in the absence of all jurisdiction.

11

There is simply no argument Hill can advance to circumvent absolute judicial immunity based on the facts he alleged. The Court need not allow a futile attempt to replead.

### 5. Misjoinder and failing to join a necessary party were not reasons for dismissal.

Hill asserts that misjoining a party or failing to join an indispensable party are not proper grounds for dismissal. The September 20 Order did not address those subjects because they were irrelevant to the dismissal of Hill's case. Hill did not "misjoin" a defendant or fail to include one. The problem is the nature of the claims he tried to pursue, not whether he named the correct judges.

* * * *

None of the five arguments Hill now advances evince the judicial "mistake" that can provide a basis for relief under Rule 60(b)(1).

### C. There are no exceptional circumstances that provide a basis for relief from dismissal.

Hill alleges that exceptional circumstances exist that justify relief under Rule 60(b)(6). But Hill hasn't shown such circumstances. He identifies various difficulties he allegedly faces because of the state court rulings—estrangement from his children, deprivation of constitutional rights, loss of possessions, loss of career, and his associates' lost faith in the judicial system. None of those circumstances are extraordinary within the meaning of Rule 60(b)(6).

Subsection (6) requires that none of the other grounds for relief under Rule 60(b) are applicable. *Kemp*, 596 U.S. at 533. Therefore, the only way Hill can prevail through Rule 60(b)(6) is if Rule 60(b)(1) did not potentially apply. Hill expressly argued mistake under (b)(1). Considering there was no misapplication of law, the consequences Hill faces are simply the result of his state court proceedings. Hill has been unable to articulate any legally cognizable claim of constitutional violations that the Court mistakenly failed to recognize. Hill is not entitled to relief.

Hill's motion [ECF 6] is **DENIED**. This case remains closed.

**SO ORDERED** this 30th day of September, 2024.

_____
Steven D. Grimberg
United States District Judge